Seth A. Gold (SBN 163220)
Seth.Gold@btlaw.com
Roya Rahmanpour (SBN 285076)
Roya.Rahmanpour@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Todd G. Vare (*Admitted pro hac vice*)
Todd.Vare@btlaw.com
Paul B. Hunt (*Admitted pro hac vice*)
Paul.Hunt@btlaw.com
Jeff M. Barron (*Admitted pro hac vice*)
Jeff.Barron@btlaw.com
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Plaintiff CAO Lighting, Inc.

*(additional counsel listed on following page)*

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAO LIGHTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC., a California corporation<br><br>Defendant. | Case No.: 2:20-cv-04926-AB-SP<br><br>**PLAINTIFF CAO LIGHTING, INC.'S OBJECTIONS TO EVIDENCE CITED IN SUPPORT OF DEFENDANT FEIT ELECTRIC COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: November 18, 2022<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. André Birotte Jr.<br>Courtroom: 7B |

Jeffrey C. Morgan (*Admitted pro hac vice*)
*Jeff.Morgan@btlaw.com*
**BARNES & THORNBURG LLP**
3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305
Telephone: (404) 264-4015
Facsimile: (404) 264-4033

Ronald E. Cahill (*Admitted pro hac vice*)
*Ronald.Cahill@btlaw.com*
Heather B. Repicky (*Admitted pro hac vice*)
*Heather.Repicky@btlaw.com*
**BARNES & THORNBURG LLP**
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617) 316-5312
Facsimile: (617) 316-5311

Megan M. New (*Admitted pro hac vice*)
*Megan.New@btlaw.com*
Adam M. Kaufmann (*Admitted pro hac vice*)
*Adam.Kaufmann@btlaw.com*
**BARNES & THORNBURG LLP**
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

Additional Attorneys for Plaintiff CAO Lighting, Inc.

Plaintiff CAO Lighting, Inc. ("CAO Lighting") hereby submits the following objections to evidence in support of the Motion for Summary Judgment filed by Defendant Feit Electric Company, Inc.'s ("Feit Electric"). This evidence is contained in the Statement of Undisputed Facts ("SOF") filed by Feit Electric on October 14, 2022 (Dkt. 143-1). CAO Lighting has responded to the SOF in CAO Lighting, Inc.'s Response to Defendant's Statement of Undisputed Facts and Separate Statement of Additional Undisputed Facts, filed herewith.

CAO Lighting objects to the evidence below on a number of grounds. The legal support for those objections is as follows:

(1) **Irrelevant**. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); Fed. R. Evid. 401 ("Relevant evidence means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence.").

(2) **Misleading/Confusing/Prejudicial**. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . .").

(3) **Lacks Foundation**. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

(4) **Authenticity.** Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

(5) **Improper/Belated Claim Construction Argument**. *Intuitive Surgical, Inc. v. Auris Health, Inc.*, 549 F. Supp. 3d 362, 370 (D. Del. 2021) (excluding expert's attempts to make "belated claim construction arguments"); *Boston Fog. LLC v. Ryobi Techs., Inc.*, No. 19-2310-LPS-JLH, 2020 WL 1532372, at *4 (D. Del. Mar. 31, 2020) (holding that

the question of whether a claim requires 'separate structures' is one of claim construction); *EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA, 2016 WL 775742, at *4 (D. Del. Feb. 25, 2016) (excluding testimony that embodiments in the patent support an expert's opinion on plain and ordinary meaning because it amounts to claim construction); *Icon-IP Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 948 (N.D. Cal. 2015) (excluding expert opinions because they consist of improper legal argument concerning the proper construction of "hinge" and further compare embodiments of the specification with the accused products); *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-cv-5341 YGR, 2014 WL 971765, at *5 (N.D. Cal. Mar. 5, 2014) (excluding expert testimony because it improperly construed claims for which the parties did not seek construction under guise of explaining 'plain and ordinary meaning' of such terms to the jury; such expert testimony sought to improperly argue claim construction as a factual matter).

(6) **Improper Use of Deposition Testimony.** Fed. R. Civ. P. 32(a)(8) ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later actin involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.")

(7) **Incomplete.** Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness out to be considered at the same time.").

(8) **Hearsay.** Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court.").

# CAO LIGHTING'S SPECIFIC OBJECTIONS TO FEIT ELECTRIC'S EVIDENCE

**Statement of Fact ¶¶ 3–9.** CAO objects to SOF ¶¶ 3–11 as not relevant to any issue on summary judgment and as improper and belated claim construction argument. First, Feit Electric's motion for summary judgment is grounded in the incorrect premise that CAO Lighting did not identify a first reflective layer because Dr. James Shealy only identified an "interface" and did not identify a layer. *See* Dkt. 143 at 1. Dr. Shealy identified the patterned portion of the sapphire substrate as the first reflective layer. *See* RSOF ¶ 16; SOF ¶ 86. Accordingly, what the specification says about particular embodiments of the '961 patent with respect to reflective layers and whether they must be separate and distinct from the substrate or epitaxial layers recited in claim 21 is not relevant. Particularly irrelevant are embodiments of the '961 patent that relate to a VCSEL chip (a type of laser chip) because claim 21 is limited to a lighting product having a LED chip. Second, Feit Electric's citation to the specification to provide meaning to the "reflective layers" term is quintessential claim construction; an issue of law which is reserved exclusively for the Court. These belated and improper claim construction arguments regarding "reflective layers" and whether they must be separate from all the other layers recited—whether presented through attorney argument or expert testimony—should be excluded. To the extent these arguments are not excluded, CAO Lighting requests separate briefing on this issue.

**Statement of Fact ¶ 10.** CAO Lighting objects to SOF ¶ 10 as not relevant to any issue on summary judgment. The testimony of CAO Lighting's expert with respect to the operation of "reflective layers" in VCSEL chips (a type of laser chip) is irrelevant because all of the asserted claims and Accused Products relate to LED chips, which have reflective layers distinct from each other as identified by Dr. Shealy.

**Statement of Fact ¶ 11.** CAO Lighting objects to SOF ¶ 11 as not relevant to any issue on summary judgment and argumentative. First, Feit Electric's motion for summary

judgment is grounded in the incorrect premise that CAO Lighting did not identify a first reflective layer because Dr. James Shealy only identified an "interface" and did not identify a layer. Dr. Shealy identified the patterned portion of the sapphire substrate as the first reflective layer. *See* RSOF ¶ 16; SOF ¶ 86. Second, Feit Electric misconstrues the Court's *Markman* Order with respect to "reflective layers." As this Court recently held in the co-pending case, *CAO Lighting, Inc v. Signify N.V. et al.*, C.A. No. CV 21-08972-AB(SP), the first and second reflective layers must be distinct from each other. The Court did not address whether the first and reflective layers must also be distinct from every other layer and, in particular, did not hold that that "the 'substrate' and 'first reflective layer' needed to be distinct." RSOF ¶ 11.

**Statement of Fact ¶ 14.** CAO Lighting objects to the citation to ¶¶ 175–176 of Dr. Shealy's report as well as portions of the transcript of Dr. Shealy's May 20, 2020 deposition as incomplete. Dr. Shealy identified the patterned portion of the sapphire substrate as the first reflective layer. *See* RSOF ¶ 16; SOF ¶ 86.

**Statement of Fact ¶ 16.** CAO Lighting objects to the citation to portions of the transcript of Dr. Shealy's May 20, 2020 deposition as incomplete. Dr. Shealy identified the patterned portion of the sapphire substrate as the first reflective layer. *See* RSOF ¶ 16; SOF ¶ 86.

**Statement of Fact ¶ 17.** CAO Lighting objects to SOF ¶ 17 and the citation to Dr. Shealy's deposition testimony as irrelevant. That some amount of reflection will be observed any time light passes between to materials of different refractive indexes is irrelevant to whether the patterned portion of the sapphire substrate constitutes a first reflective layer.

**Statement of Fact ¶ 18.** CAO Lighting objects to SOF ¶ 18 and the citation to Dr. Bretschneider's deposition transcript as irrelevant. Dr. Shealy identified the patterned portion of the sapphire substrate as the first reflective layer. *See* RSOF ¶ 16; SOF ¶ 86.

**Statement of Fact ¶¶ 21–23**. CAO Lighting objects to SOF ¶¶ 21–22 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 21–23, which it incorporates by reference herein.

**Statement of Fact ¶¶ 24–26.** CAO Lighting objects to the citation to portions of Dr. Shealy's report and deposition transcript as incomplete. CAO Lighting further objects to SOF ¶¶ 24–26 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 24–26, which it incorporates by reference herein.

**Statement of Fact ¶¶ 27–30.** CAO Lighting objects to the citation to portions of Dr. Shealy's deposition transcript as incomplete. CAO Lighting further objects to SOF ¶¶ 27–30 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 27–30, which it incorporates by reference herein.

**Statement of Fact ¶ 31.** CAO Lighting objects to the citation to portions of Dr. Shealy's report as incomplete. CAO Lighting further objects to SOF ¶ 31 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 31, which it incorporates by reference herein.

**Statement of Fact ¶ 33**. CAO Lighting objects to SOF ¶ 33 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 33, which it incorporates by reference herein.

**Statement of Fact ¶ 34.** CAO Lighting objects to the citation to Mr. Benya's report as incomplete. CAO Lighting further objects to SOF ¶ 34 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 34, which it incorporates by reference herein.

**Statement of Fact ¶¶ 35–37.** CAO Lighting objects to SOF ¶¶ 35–37 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 35–37, which it incorporates by reference herein.

**Statement of Fact ¶¶ 38–39.** CAO Lighting objects to the citation to Mr. Benya's deposition transcript as incomplete. CAO Lighting further objects to SOF ¶¶ 38–39 as

misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 38–39, which it incorporates by reference herein.

**Statement of Fact ¶¶ 40–44.** CAO Lighting objects to SOF ¶¶ 40–44 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 40–44, which it incorporates by reference herein.

**Statement of Fact ¶ 45.** CAO Lighting objects to the citation to Mr. Benya's deposition transcript as incomplete. CAO Lighting further objects to SOF ¶ 45 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 45, which it incorporates by reference herein.

**Statement of Fact ¶ 46.** CAO Lighting objects to SOF ¶ 46 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 46, which it incorporates by reference herein.

**Statement of Fact ¶¶ 47–49.** CAO Lighting objects to the citation to Mr. Benya's deposition transcript as incomplete. CAO Lighting further objects to SOF ¶¶ 47–49 as misleading and overly prejudicial for those reasons set forth in RSOF ¶¶ 47–49, which it incorporates by reference herein.

**Statement of Fact ¶ 50.** CAO Lighting objects to SOF ¶ 50 as misleading and overly prejudicial for those reasons set forth in RSOF ¶ 50, which it incorporates by reference herein.

**Statement of Fact ¶ 65.** CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware. Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702. Dr. Densen was available for deposition and, in fact, deposed in this litigation.

**Statement of Fact ¶ 68.** CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for

the District of Delaware. Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702. Dr. Densen was available for deposition and, in fact, deposed by Feit Electric in this litigation.

CAO Lighting further objects to the exhibits to Dr. Cao's deposition at Ex. 85–89, which are attached as Exs. 36–40 to the McGraw Declaration, as unauthenticated and lacking foundation. For example, Dr. Cao could not authenticate the packaging shown in these exhibits. *See, e.g.*, RSOF ¶ 73.

**Statement of Fact ¶ 69.** CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware. Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702. Dr. Densen was available for deposition and, in fact, deposed by Feit Electric in this litigation.

CAO Lighting further objects to the exhibits to Dr. Cao's deposition at Ex. 87–88, which are attached as Exs. 38–39 to the McGraw Declaration, as unauthenticated and lacking foundation. For example, Dr. Cao could not authenticate the packaging shown in these exhibits. *See, e.g.*, RSOF ¶73.

**Statement of Fact ¶ 70.** CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware. Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702. Dr. Densen was available for deposition and, in fact, deposed by Feit Electric in this litigation.

CAO Lighting further objects to the exhibits to Dr. Cao's deposition at Ex. 89, which is attached as Ex. 40 to the McGraw Declaration, as unauthenticated and lacking foundation. For example, Dr. Cao could not authenticate the packaging shown in these

exhibits.  *See* Ex. S (1/19/22 Cao Tr.) at 267:1–12.[1]

**Statement of Fact ¶ 71.**  CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware.  Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702.  Dr. Densen was available for deposition and, in fact, was deposed by Feit Electric in this litigation.

**Statement of Fact ¶ 72.**  CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware.  Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702.  Dr. Densen was available for deposition and, in fact, was deposed by Feit Electric in this litigation.

CAO Lighting further objects to the exhibits to Dr. Cao's deposition at Ex. 85–86, which are attached as Exs. 36–37 to the McGraw Declaration, as unauthenticated and lacking foundation.  For example, Dr. Cao could not authenticate the packaging shown in these exhibits.  *See* Ex. S (1/19/22 Cao Tr.) at 246:6–251:23, 252:20–257:10.

CAO Lighting further objects to the citation to the deposition testimony of Steven Gold for lack of foundation.  Mr. Gold worked at Brilliance, LLC from approximately 2010 through current.  *See* McGraw Ex. 41 (Gold Tr.) at 13:12–25.[2]  However, it was never established that Mr. Gold ever reviewed product or product packaging that was provided to Brilliance from CAO Group or CAO Lighting at any time.  *Id.* at 35:5–37:16.

---

[1] Citations to "Ex." are to the exhibits attached to either (i) the Declaration of Roya Rahmanpour in Support of Plaintiff CAO Lighting, Inc.'s Motion for Summary Judgment filed on October 14, 2022 at Dkt. 142 (Rahmanpour Exs. 1–17) or (ii) the Declaration of Roya Rahmanpour in Support of Plaintiff's Opposition to Defendant Feit Electric, Inc.'s Motion for Summary Judgment (Rahmanpour Ex. A–AC), filed herewith.

[2] Citations to "McGraw Ex." are to the exhibits attached to the Declaration of Maxwell C. McGraw in Support of Feit Electric Company, Inc.'s Motion for Summary Judgment filed on October 14, 2022 at Dkt. 143.

In addition, Mr. Gold did not produce the samples of CAO Lighting products in response to the subpoena, *id.* at 24:4–24, and provided no testimony as to how he could authenticate those products on behalf of Brilliance, LLC, *id.* at 24:4–31:13. Accordingly, CAO Lighting also objects to the exhibits from Mr. Gold's deposition, which are attached as Exhibits 42–45 of the McCraw Declaration.

**Statement of Fact ¶¶ 73–75.** CAO Lighting objects to the exhibits to Dr. Cao's deposition at Ex. 85–89, which are attached as Exs. 36–40 to the McGraw Declaration, as unauthenticated and lacking foundation. For example, Dr. Cao could not authenticate the packaging shown in these exhibits. *See* Ex. S (1/19/22 Cao Tr.) at 246:6–251:23, 252:20–257:10; 259:24–261:25; 262:2–268:18.

CAO Lighting further objects to the citation to the exhibits from the deposition of Mr. Gold, which are attached as Exhibits 44 and 45 to the McGraw Declaration. Mr. Gold worked at Brilliance, LLC from approximately 2010 through current. *See* McGraw Ex. 41 (Gold Tr.) at 13:12–25. However, it was never established that Mr. Gold ever reviewed product or product packaging that was provided to Brilliance from CAO Group or CAO Lighting at any time. *Id.* at 35:5–37:16. In addition, Mr. Gold did not produce the samples of CAO Lighting products in response to the subpoena, *id.* at 24:4–24, and provided no testimony as to how he could authenticate those products on behalf of Brilliance, LLC, *id.* at 24:4–31:13.

**Statement of Fact ¶ 76.** CAO Lighting objects to the citation to Dr. Densen Cao's deposition testimony from the co-pending action in the United States District Court for the District of Delaware. Such deposition testimony falls within Fed. R. Civ. P. 32(a)(8) and would be considered an out of court statement offered for the truth of the matter asserted and inadmissible in this action under Fed. R. Evid. 702. Dr. Densen was available for deposition and, in fact, was deposed by Feit Electric in this litigation. CAO Lighting further objects to the testimony as incomplete. Dr. Cao testified that he provided product in product packaging to counsel.

**Statement of Fact ¶ 77.** CAO Lighting objects to the cited testimony of Mr. Robert Larsen as lacking foundation and incomplete. As to foundation, Mr. Larsen testified that he was not involved in the design of product packaging nor did he have any role or responsibility for overseeing product packaging or ensuring that product packaging complied with any checklist or standard. With regard to completeness, Mr. Larsen testified that the packaging he was shown appeared to be created in the ordinary course of CAO Lighting's business and that it was a fair and accurate representation of a product box for a CAO Lighting Dynasty LED lighting bulb. *See* RSOF ¶ 77.

**Statement of Fact ¶ 80.** CAO Lighting objects to the cited testimony of Mr. Matthew Koller as lacking foundation and incomplete. Mr. Koller testified that he was not involved in the design of product packaging. Nor did Mr. Koller have a role in or responsibility for overseeing product packaging or ensuring that product packaging complied with any checklist or standard. Mr. Koller did not recognize the product checklist and had no knowledge of the product checklist. He, therefore, did not use it or know of anyone who used it. *See* RSOF ¶ 80.

**Statement of Fact ¶ 81.** CAO Lighting objects to the cited testimony of Mr. Robert Larsen as lacking foundation and incomplete. As to foundation, Mr. Larsen testified that he was not involved in the design of product packaging nor did he have any role or responsibility for overseeing product packaging or ensuring that product packaging complied with any checklist or standard. *See* RSOF ¶ 77. As to completeness, Mr. Larsen testified that CAO Lighting had a "general principle that once [] patent numbers are awarded and known, that we revise the product documentation to include those patent numbers." Mr. Larsen further testified that CAO Lighting maintains a product checklist as a reminder for identifying the inclusion of patent numbers when preparing a product or revising product packaging. Mr. Larsen also testified that he would ask Dr. Cao about product marketing checklists for the Dynasty branded products. *See* RSOF ¶ 81.

**Statement of Fact ¶ 82.** CAO Lighting objects to the citation to the deposition testimony of Steven Gold for lack of foundation and as irrelevant. Mr. Gold worked at Brilliance, LLC from approximately 2010 through current. *See* McGraw Ex. 41 (Gold Tr. at 13:12–25. However, it was never established that Mr. Gold ever reviewed product or product packaging that was provided to Brilliance from CAO Group or CAO Lighting at any time. *Id.* at 35:5–37:16. Moreover, it was never established that Brilliance had any responsibility with respect to product packaging such that CAO Lighting would have asked Brilliance to mark any product packaging covered by a patent.

**Statement of Fact ¶ 84.** CAO Lighting objects to the citation to the transcript of the December 10, 2020 hearing in the co-pending litigations in the District of Delaware as incomplete and irrelevant. The hearing transcript concerns a Motion to Dismiss the Second Amended Complaint in the *CAO Lighting, Inc. v. OSRAM Sylvania, Inc.*, C.A. No. 21-690 (D. Del.). The Delaware Court dismissed CAO Lighting's bare allegations of compliance with 35 U.S.C. § 287 without prejudice. CAO Lighting amended its allegations in a Third Amended Complaint and specifically alleged that the filing of the Utah Action constitutes actual notice under 35 U.S.C. § 287. The Third Amended Complaint is the operative complaint as to OSRAM Sylvania, Inc. and LEDVANCE, Inc. *See* SOF ¶¶ 115–116.

Dated: October 28, 2022

**BARNES & THORNBURG LLP**

By: */s/ Roya Rahmanpour*
Todd G. Vare
Paul B. Hunt
Jeff M. Barron
Ronald E. Cahill
Seth A. Gold
Adam M. Kaufmann
Jeffrey C. Morgan
Megan M. New
Heather B. Repicky
Roya Rahmanpour

Attorneys for Plaintiff CAO Lighting, Inc.